James R. YOCOM, Commissioner, Kentucky Department of Labor and custodian of the Special Fund, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1973.

of medical treatment he was given morphine which brought about violent vomiting and subsequently a stroke, which left Goodin paralyzed. This was in 1965. The employer's compensation carrier, Travelers Insurance Company, voluntarily made weekly payments until February 1970, totalling $9,635.00. Upon the cessation of payments, Goodin filed an application for an adjustment of the claim with the Workmen's Compensation Board. Special Fund was made a party.

The board determined that Goodin was permanently and totally disabled from the date of the accident and directed,

> "That the plaintiff shall recover from the Special Fund the sum of $41 per week for 425 weeks from and after August 9, 1965, with interest thereon at the rate of 6% per annum on all past due and unpaid installments, with credit to said defendant for benefits heretofore paid, if any."

Neither the employer nor Special Fund appealed the decision of the board.

Apparently overlooking the fact that Travelers had already paid Goodin $9,635.-00, Special Fund made a lump sum payment for compensation from the date of the injury and continued monthly payments for a total of $16,544.33, which resulted in an overpayment to Goodin. The circuit court adjudged that Special Fund must reimburse Travelers the sum of $9,635.00, the amount Travelers had paid Goodin. We affirm.

Thomas L. Ferreri, Atty. for Special Fund, Dept. of Labor, Robert D. Hawkins, Chief Counsel for Special Fund, Dept. of Labor, Frankfort, for appellant James R. Yocom.

William H. Gorin, Stites, McElwain & Fowler, Frankfort, for appellee.

GARDNER, Commissioner.

Leslie R. Goodin received a work-connected injury to his hand. In the course

Special Fund resisted the suit on the grounds (1) that the circuit court was without jurisdiction because Travelers did not pursue the procedure outlined in KRS 342.285 for appeal of compensation cases, and (2) that Special Fund was not required to reimburse Travelers since Travelers made "voluntary payments."

Special Fund argues that the issue of reimbursement was not mentioned or implied in the board's opinion, and that

it was incumbent upon Travelers to appeal the board's decision in order to settle the reimbursement question. We do not agree with this position because, in the first place, we think the provision in the opinion and award, "with credit to said defendant for benefits heretofore paid, if any," was tantamount to saying that Special Fund should reimburse the employer, who was the named defendant in the proceedings, and, in the second place, reimbursement is required by KRS 342.120(4) which provides, " * * * and the carrier or self-insured employer shall be reimbursed for such payments from the Special Fund * * *."

We see no merit in Special Fund's other contention that reimbursement is not contemplated by the statute when the employer (or its insurance carrier) makes voluntary payments. We think there is an underlying policy of the workmen's compensation law encouraging voluntary payments and the employer should not be penalized for so doing. See KRS 342.145.

The judgment is affirmed.

All concur.